**JOSEPH M. MCMULLEN**
California State Bar No. 246757
**SHEREEN J. CHARLICK**
California State Bar No. 147533
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Email: Joseph_McMullen@fd.org

Attorneys for Ms. Martinez-Bernal

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE BARRY TED MOSKOWITZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALMA LIDIA MARTINEZ-BERNAL,<br><br>Defendant. | CASE NO. 07CR2978-BTM<br><br>Trial Date: December 18, 2007<br>Time: 9:00 a.m.<br><br>**APPLICATION FOR ISSUANCE OF RULE 17(b) SUBPOENA AND REQUEST FOR ADVANCE AUTHORIZATION OF FUNDS FOR WITNESS** |

Defendant Alma Lidia Martinez-Bernal, by and through her counsel, Joseph M. McMullen, and Federal Defenders of San Diego, Inc., and pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment, and Fed. R. Crim. P. 17(b), hereby makes this application for the issuance of Rule 17(b) subpoenas for the following witness:

1. Martha Leticia Meza-Martinez
Carr. Oviedo Mota Indiviso S/N
Col. Felipa Vda de Arellano 21800
Mexicali, B.C.
Mexico

This application is based on the instant application and the following statement of facts.

//

//

//

**I.**

**STATEMENT OF FACTS**

1) My name is Joseph M. McMullen and I am the attorney for Ms. Martinez-Bernal. I am fully familiar with the facts of this case.

2) The person sought above through subpoena in this case is necessary to present Ms. Martinez-Bernal's defense.

3) The information sought above through the subpoena is not available to the defense without the power of a subpoena.

4) Defense counsel is seeking to call this witness in order to corroborate facts pertinent to Ms. Martinez-Bernal's defense. Her testimony at trial is essential to the defense Ms. Martinez-Bernal intends to present.

5) Ms. Martha Leticia Meza-Martinez is the cousin and roommate of Ms. Martinez-Bernal in Mexicali, Baja California, Mexico and will testify as a percipient witness.

6) The defense will present evidence that Ms. Martinez-Bernal was duped by an acquaintance named Jorge into smuggling marijuana into the U.S., when in fact she thought she was being hired by him to drive another woman to medical appointments in the U.S. The defense anticipates that Ms. Meza-Martinez will testify that prior to the arrest she knew about Jorge and this new job that Ms. Martinez-Bernal had been offered. Ms. Meza-Martinez's presence is necessary so that the defense may present to the jury her indispensable testimony.

7) The United States Marshals do not have to serve the instant subpoenas, if your honor is inclined to issue the requested order.

8) Ms. Meza-Martinez is a citizen of Mexico with no legal permission to enter the United States. On Friday, December 14, 2007, this Court ordered that trial shall begin on Tuesday, December 18, 2007. Immediately following the Friday afternoon hearing, defense counsel requested to speak with the Assistant United States Attorney in this case, Mr. Christopher M. Alexander, in person, but Mr. Alexander declined defense counsel's request. On Sunday, December 16, 2007, defense counsel again attempted to contact Mr. Alexander in order to facilitate Ms. Meza-Martinez's Significant Public Benefit Parole into the United States. A message to Mr. Alexander's voice-mailbox was sent detailing this request.

9) Defense counsel expects that Mr. Alexander will be willing to facilitate the Significant Public Benefit Parole of Ms. Meza-Martinez into the United States for trial, as defense counsel is unable to secure her presence at trial without his assistance.

10) If Mr. Alexander is unwilling to facilitate the Significant Public Benefit Parole of Ms. Meza-Martinez into the United States for trial, defense counsel requests a hearing on this issue before the Court at the earliest available opportunity.

## II.

## REQUEST

For the foregoing reasons, we respectfully request this Court to sign the attached order issuing the 17(b) subpoena outlined above and to authorize funds under Rule 17(b) for transportation of the witness and related expenses.

Respectfully submitted,

/s/ Joseph M. McMullen

Dated: December 17, 2007

**JOSEPH M. MCMULLEN**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Martinez-Bernal

**JOSEPH M. MCMULLEN**
California State Bar No. 246757
**SHEREEN J. CHARLICK**
California State Bar No. 147533
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Email: Joseph_McMullen@fd.org

Attorneys for Ms. Martinez-Bernal

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE BARRY TED MOSKOWITZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALMA LIDIA MARTINEZ-BERNAL,<br>Defendant. | CASE NO. 07CR2978-BTM<br><br>Trial Date: December 18, 2007<br>Time: 9:00 a.m.<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ISSUANCE OF RULE 17(b) SUBPOENA AND REQUEST FOR ADVANCE AUTHORIZATION OF FUNDS FOR WITNESS** |

**I.**

Rule 17(b) of the Federal Rules of Criminal Procedure states in pertinent part:

> **Defendants unable to pay**. The Court shall order at any time that a subpoena be issued for service on a named witness upon an ex parte application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

Ms. Martinez-Bernal is indigent and unable to pay travel fees for the witnesses required for her defense.

Before its amendment in 1966, the Rule required that all defendants proceeding in forma pauperis who requested subpoenas issued at Government expense had to support such request with affidavits "in which the defendant shall state the name and address of each witness and the testimony which he is expecting the witness to give, if subpoenaed, and shall show that the evidence of the witness is material to

the defense . . . ." FED. R. CRIM. P. 17(b).

This procedure required indigent defendants to reveal many of the theories of their defenses to the prosecution, although defendants able to pay for witnesses were able to have blank subpoenas issued. Congress acted to cure this inequitable situation by amending the rule in 1966 to provide that applications for subpoenas by defendants unable to pay for them be made to the court ex parte.

In United States v. Meriwether, 486 F.2d 498, 505-06 (5th Cir. 1973), cert. denied, 417 U.S. 948 (1974), the court rejected the government position that ex parte meant that the prosecutor should not participate in the discussions about the subpoenas, although he may be present during the argument since "this interpretation of the Rule conflicts with both the general understanding of the term ex parte, and with the purpose of the 1966 Amendment to the rule." In its analysis of the rationale for the rule, the court went on to state:

> The government should not be able to obtain a list of adverse witnesses in the case of a defendant unable to pay their fees when it is not able to do so in the cases of defendants able to pay witness fees. When an indigent defendant's case is subjected to pre-trial scrutiny by the prosecutor while the monied defendant is able to proceed without such scrutiny, serious equal protection questions are raised, and it appears that a major reason for the amendment was to avoid such questions.

Id. at 506 (footnote omitted). Moreover, the Advisory Committee notes to Rule 17 included the following observation:

> Criticism has been directed at the requirement that an indigent defendant disclose in advance the theory of his defense in order to obtain the issuance of a subpoena at government expense while the government and defendants able to pay may have subpoenas issued in blank without any disclosure.

United States v. Meriwether, 486 F.2d at 507 & n.8. Cf. United States v. Brown, 535 F.2d 424, 428-29 (8th Cir. 1976) (local rule requiring copies of subpoena applications under Fed. R. Crim. P. 17(b) be sent to the government unfairly discriminated against indigent defendants).

## II.

## CONCLUSION

For the foregoing reasons, Ms. Martinez-Bernal reasserts her request for an Application for Subpoenas and payment of travel expenses and expenses for food and lodging, pursuant to Rule 17(b).

//

Respectfully submitted,

/s/ Joseph M. McMullen

Dated: December 17, 2007

**JOSEPH M. MCMULLEN**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Martinez-Bernal

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY TED MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALMA LIDIA MARTINEZ-BERNAL,<br>Defendant. | Criminal No. 07CR2978-BTM<br>Trial Date: December 18, 2007<br>Time: 9:00 a.m.<br>**ORDER FOR ISSUANCE OF RULE 17(b) SUBPOENAS AND FOR ADVANCE AUTHORIZATION OF FUNDS FOR WITNESSES** |

**IT IS HEREBY ORDERED** that pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure, a subpoena be issued for:

1. Martha Leticia Meza-Martinez
   Carr. Oviedo Mota Indiviso S/N
   Col. Felipa Vda de Arellano 21800
   Mexicali, B.C.
   Mexico

**IT IS FURTHER ORDERED** that the United States Marshals shall advance funds to these witnesses for travel, or in the alternative, issue a GTR for these witnesses' travel to and from San Diego, California, in addition to funds for related expenses.

**IT IS FURTHER ORDERED** that the costs incurred by the process and fees of the witnesses so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in the case of witnesses subpoenaed on behalf of the government.

**IT IS SO ORDERED**.

Dated: ___________

______________________________
**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: December 17, 2007

*/s/ Joseph M. McMullen*

JOSEPH M. McMULLEN
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
joseph_mcmullen@fd.org (email)