**JOSEPH M. McMULLEN**
California State Bar No. 246757
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: Joseph_McMullen@fd.org

Attorneys for Ms. Martinez-Bernal

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY TED MOSKOWITZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 07CR2978-BTM |
| Plaintiff, | ) | DATE: January 11, 2008<br>TIME: 3:00 p.m. |
| v. | ) | |
| ALMA LIDIA MARTINEZ-BERNAL, | ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS *IN LIMINE*** |
| Defendant. | ) | |

**I.**

**STATEMENT OF FACTS**

On October 19, 2007, at approximately 1:00 p.m., Alma Lidia Martinez-Bernal was arrested at the Calexico, California, East Port of Entry on suspicion of importing 43.52 kilograms of marijuana into the United States. On October 22, 2007, she was arraigned on the complaint charging her with importing marijuana in violation of 21 U.S.C. §§ 952, 960. Thereafter, on November 1, 2007, Ms. Martinez-Bernal was arraigned on the indictment, which included the additional charge of possession with intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1).

//

//

//

**II.**

**THE GOVERNMENT SHOULD NOT BE ALLOWED TO OFFER THE MEXICAN AUTOMOBILE REGISTRATION IN DEFENDANT'S NAME AT TRIAL**

Under 18 U.S.C. § 3505, a foreign record of regularly conducted activity must be accompanied by a foreign certification in order to be admissible in a federal criminal trial. 18 U.S.C. § 3505(a). "At the *arraignment or as soon after the arraignment as practicable*, a party intending to offer in evidence under this section a foreign record of regularly conducted activity shall provide written notice of that intention to each party." 18 U.S.C. § 3504(b). On December 17, 2007, the Government provided defense counsel with an exhibit list for trial. The second item on the list is described as "Mexican Registration in Defendant's name." This Court should not allow such exhibit into evidence because (1) the exhibit list is insufficient written notice and no other type of written notice has been provided; (2) the insufficient written notice is also untimely; (3) the exhibit is not accompanied by a foreign certification; and (4) the authenticity of the document is in question based on independent investigation of defense counsel revealing that the document is counterfeit and fraudulent.

For the foregoing reasons, Ms. Martinez-Bernal objects to the admission of foreign records of regularly conducted activity by the Government and requests that this Court order that they not be admitted.

**III.**

**ADMIT EXCULPATORY STATEMENTS**

Defense counsel anticipates that the Government may attempt to admit portions of Ms. Martinez-Bernal's post-arrest statements to interrogating agents in which she described what she had been doing the days on and preceding her arrest, and who gave her the vehicle she was driving when stopped at the border. Fairness dictates that Ms. Martinez-Bernal be allowed to admit testimony about her exculpatory statements to provide context to statements offered by the Government. If the Government were to admit evidence of only a portion of her statement, the jury could be led unfairly to believe that Ms. Martinez-Bernal confessed. Accordingly, under the Rule of Completeness, either the entire statement should be admitted, or none of it.

The Second Circuit has held:

> [w]hile Rule 106 [of the Fed. R. Evid.] applies only to writings . . ., the rule of completeness is "substantially applicable to oral testimony as well," by virtue of Fed. R. Evid. 611(a), which obligates the court to "make the interrogation and presentation effective for the ascertainment of the truth."

United States v. Mussaleen, 35 F.3d 692, 696 (2d Cir. 1994) (quoting United States v. Alvarado, 882 F.2d 645, 650 n.5 (2d Cir. 1989), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995). The Seventh Circuit agrees that the Rule of Completeness applies to oral statements by virtue of Rule 611(a). United States v. Li, 55 F.3d 325, 329-30 (7th Cir. 1995) (citing United States v. Haddad, 10 F.3d 1252, 1258 (7th Cir. 1993)). The Ninth Circuit has cited these cases with favor. United States v. Collicott, 92 F.3d 973, 983 n.12 (9th Cir. 1996). Accordingly, the Government should not be allowed to "pick and choose among prior statements to create an appearance of conflict and then object when this appearance is rebutted by means of a fuller version of the same prior statement." Id. at 980 (quoting United States v. Tarantino, 846 F.2d 1384, 1411 (D.C. Cir. 1988). Thus, Ms. Martinez-Bernal requests that this Court admit none or all of her post-arrest statements.

## IV.

## PRECLUDE EVIDENCE OF VALUE OF THE DRUGS

The Court should exclude evidence of the value of the drugs. Such testimony is irrelevant and therefore inadmissible under Federal Rule of Evidence 402. Even if minimally probative, such evidence should be excluded under Rule 403 because it is unduly prejudicial. Moreover, if the Government does not introduce value testimony, Ms. Martinez-Bernal offers to stipulate that the quantity of narcotics in this case is a distributable, not personal use, quantity. This obviates the need for value testimony, and also counsels for prohibiting the government from bringing the marijuana into the courtroom in an attempt to prejudice the jury. See FED. R. EVID. 403; United States v. Merino-Balderrama, 146 F.3d 758, 762 (9th Cir. 1998) ("[A] defendant's offer to stipulate to an element of a crime is relevant evidence that must be factored into a district court's analysis under [Federal Rule of Evidence] 403.") (citing Old Chief v. United States, 519 U.S. 172 (1997)).

In the event that the Court disagrees with defense counsel that the *wholesale* value of the drugs in this case is irrelevant and unduly prejudicial, the government should be precluded from offering evidence of so-called retail value. There is no evidence that Ms. Martinez-Bernal is involved in street

level sales; nor is there any evidence that any source of supply here was so involved. Retail value is therefore irrelevant and overly prejudicial. See FED. R. EVID. 402, 403.

This motion to preclude to exclude expert testimony also includes any presentation of evidence about the "structure" of drug organizations. Whether noticed or not, testimony of this ilk is impermissible. In a trial like this, the government may attempt to prejudice the jury by offering testimony regarding drug smuggling organizations. Such testimony is often offered to prove a defendant's knowledge and to bolster the Government's case. For example, an agent may testify that "the driver always knows." Such statements are clearly false and must be excluded for multiple reasons. First, such testimony constitutes expert testimony. Second, it is irrelevant. Third, its prejudicial impact outweighs any probative value. Such testimony is identical to the drug organization "structure" and "modus operandi" testimony that the Ninth Circuit mandates must be excluded in drug cases. See United States v. Varela-Rivera, 279 F.3d 1174, 1179 (9th Cir. 2002) (citing United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001), amended, 246 F.3d 1150 (9th Cir. 2001)); United States v. McGowan, 274 F.3d 1251 (9th Cir. 2001); United States v. Pineda-Torres, 287 F.3d 860 (9th Cir. 2002).

## V.

## PRECLUDE THE ADMISSION OF 404(B) AND 609 EVIDENCE

Federal Rule of Evidence 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. FED. R. EVID. 404(b). The notice requirement is triggered when timely requested by the defendant. United States v. Vega, 188 F.3d 1150, 1154 (9th Cir. 1999). Under Rule 609, evidence of prior convictions are usually admissible only under certain circumstances and in the discretion of the court as well. Here, Ms. Martinez-Bernal timely requested notice of proposed Rule 404(b) and Rule 609 evidence in her discovery requests to the Government. The Government has given no notice of the intent to introduce 404(b) or 609 evidence to date.

The government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case; thus, "it must articulate precisely *the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689

F.2d 822, 830 (9th Cir. 1982) (citing United States v. Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); accord United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993). It is not sufficient to state merely that the other act will be offered for one of the enumerated purposes. Instead, the Government must state precisely how the fact of consequence may be inferred from the other acts evidence. The Government has failed to meet this requirement in this case. Accordingly, any unnoticed evidence should be excluded from the trial based on a notice failure.

## VI.

## EXCLUDE THE NARCOTICS FROM THE COURTROOM

The Government may intend to present to the jury at trial the narcotics found in the vehicle driven by Ms. Martinez-Bernal. This visual display of serious narcotics, even if relevant, is unduly prejudicial to Ms. Martinez-Bernal. See FED. R. EVID. 403. The narcotics' presence is needless, cumulative, irrelevant, and stirs the emotions of the jury. Accordingly, it is unduly prejudicial to Ms. Martinez-Bernal and should be excluded. See FED. R. EVID. 401, 402 and 403.

## VII.

## PRECLUDE AGENTS FROM TESTIFYING ABOUT "TERRORISM"

Based on defense counsel's experience, agents who work at border crossings have recently taken to explaining to juries—during an explanation of what their job consists of—that their "primary" responsibility is to thwart terrorist attacks against the United States. Ms. Martinez-Bernal moves to have this line of testimony precluded. This case involves no allegations of terrorist activity. Such testimony is irrelevant and unduly prejudicial. FED. R. EVID. 402, 403.

## VIII.

## COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS

The Court should make the grand jury transcripts available when the defense can show a particularized need. There is a particularized need in this case if a witness who testified before the grand jury will also testify at the trial of Ms. Martinez-Bernal. The Government must produce a transcript of a witness's testimony before the grand jury following the direct examination of the witness at trial. 18 U.S.C. § 3500; Dennis v. United States, 384 U.S. 855 (1966); FED. R. CRIM. P. 26.2(f)(3). The defense requests that the Government make such transcripts available in advance of

trial to facilitate the orderly presentation of evidence and to remove any need for a recess in the proceedings for defense counsel to examine the statement pursuant to Federal Rule of Criminal Procedure 26.2(d).

Additionally, Ms. Martinez-Bernal moves for the production of grand jury transcripts, even if the grand jury witness *does not* testify at trial. If the Government's grand jury witness was not the case agent in this case, that witness likely testified based upon information provided by other agents. The Government has thus adopted the witness' grand jury testimony by "manifest[ing] an adoption or belief in its truth." See FED. R. EVID. 801(d)(2)(B). The grand jury testimony also constitutes an admission "by a person authorized by the party to make a statement concerning the subject matter," see FED. R. EVID. 801(d)(2)(C), and constitutes "statement[s] by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," see FED. R. EVID. 801(d)(2)(D).

Furthermore, to the extent that any of the grand jury testimony in this case is in any way inconsistent with the testimony adduced at trial, the grand jury testimony constitutes exculpatory impeachment evidence. See Giglio v. United States, 405 U.S. 150 (1972). As discussed above, such evidence would be admissible as an adoptive admission pursuant to Rule 801(d)(2). At a minimum, this court should conduct an *in camera* review of the grand jury testimony and order the transcript produced if it contains any testimony that might be Brady material or otherwise subject to production as explained above.

**IX.**

**ORDER PRODUCTION OF "SUPPLEMENTAL REPORTS"**

Ms. Martinez-Bernal requests disclosure of any "supplemental reports" generated in this case. It has come to Ms. Martinez-Bernal's attention that the Government's recent practice is to not disclose these "supplemental reports." These reports generally memorialize later investigation of the case and can include information that confirms a defendant's statements made at the border. Ms. Martinez-Bernal believes that such a report is discoverable under Brady and Rule 16. Additionally, pre-trial disclosure will avoid unnecessary delay at trial should the reports become producible under Jencks. See, e.g, FED. R. CRIM. P. 26.2(d). If the Government contends that any "supplemental report"

generated in this case is not discoverable, Ms. Martinez-Bernal requests that the Court view this report *in camera.*

**X.**

**ALLOW EACH JUROR TO HAVE A COPY OF THE JURY INSTRUCTIONS**

Juries consist of lay people who are required to follow the law. Their responsibility becomes more difficult when all twelve jurors have access to only one copy of the instructions. Often, each juror does not have an opportunity to even read or understand the critical instructions. Consequently, jurors fail to understand the Government's burden of proving a case beyond a reasonable doubt and the defendant's constitutional right not to testify and present evidence in his own defense. In this case, there are numerous elements the Government must prove to convict Mr. Ceniseros. Although this Court will instruct the jury on each of these elements, each juror also should be provided a written copy of the jury instructions, so that each juror may properly, effectively, and efficiently perform his or her function of determining whether the Government has proven *each* element beyond a reasonable doubt.[1]

**XI.**

**ALLOW ATTORNEY-CONDUCTED VOIR DIRE**

Pursuant to the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 24(a), Ms. Martinez-Bernal requests that her defense counsel have the opportunity to personally conduct *voir dire* of the prospective jury members. See Rosales-Lopez v. United States, 451 U.S. 182, 187 (1981) (holding that "lack of adequate voir dire impairs the defendant's right to exercise peremptory challenges where provided by statute or rule, as it is in the federal courts"); Paine v. City of Lompoc, 160 F.3d 562, 564 (9th Cir. 1998) (same).

//

//

//

1 Ms. Martinez-Bernal is willing to pay the costs for the additional copies of the jury instructions. Defense counsel is willing to make the copies as well.

**XII.**

**EXCLUDE THE INDICTMENT FROM THE JURY ROOM**

In the commentary to Model Instruction 3.2.1, "Charge Against Defendant Not Evidence," in the Ninth Circuit Manual of Model Jury Instructions, the Committee on Model Jury Instructions strongly recommends that the indictment not be sent into the jury room during deliberations. The commentary observes that neither the Federal Rules of Criminal Procedure nor case law requires sending a copy of the indictment to the jury room because the indictment is not evidence. Ms. Martinez-Bernal urges this Court to follow the Committee's guidance. The language in the instant indictment intentionally sets forth the prosecution's theory of the case. Accordingly, jurors could be improperly persuaded by the similarities between the indictment allegations and the prosecutor's theory. Because the indictment is not evidence, but could potentially be mistaken for evidence, this document should not be permitted into the jury room during deliberations.[2]

**XIII.**

**CONCLUSION**

For the foregoing reasons, Ms. Martinez-Bernal respectfully requests that the Court grant the above motions in limine.

Respectfully submitted,

Dated: January 5, 2008

*/s/ Joseph M. McMullen*
JOSEPH M. McMULLEN
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Martinez-Bernal
Joseph_McMullen@fd.org

---

2 If the Court allows a copy of the indictment to be sent to the jury room, the Court should caution the jury that the indictment is not evidence, see United States v. Utz, 886 F.2d 1148, 1151-1152 (9th Cir. 1989), and strike surplusage, United States v. Wellington, 754 F.2d 1457 (9th cir. 1985).

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: January 5, 2008

*/s/ Joseph M. McMullen*

JOSEPH M. McMULLEN
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
joseph_mcmullen@fd.org (email)