**JOSEPH M. McMULLEN**
California State Bar Number 246757
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
E-mail: joseph_mcmullen@fd.org

Attorneys for Ms. Martinez-Bernal

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY TED MOSKOWITZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**ALMA LIDIA MARTINEZ-BERNAL,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06cr2978-BTM<br><br>Date: January 14, 2008<br>Time: 9:00 a.m.<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

TO: KAREN HEWITT, ACTING UNITED STATES ATTORNEY;
CHRISTOPHER M. ALEXANDER, ASSISTANT UNITED STATES ATTORNEY:

Alma Lidia Martinez-Bernal, by and through counsel, Joseph M. McMullen, and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein.

Respectfully submitted,

DATED: January 10, 2008

*/s/ Joseph M. McMullen*
**JOSEPH M. McMULLEN**
Federal Defenders of San Diego, Inc.
Attorneys for Defendant Ms. Martinez-Bernal
E-mail: joseph_mcmullen@fd.org

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE 9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2003)**

9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge - Presumption of Innocence").

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify").

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify").

9th Cir. Crim. Jury Instr. 3.12 (2003) ("Separate Consideration of Multiple Counts").

9th Cir. Crim. Jury Instr. 4.7 (2003) ("Character of Witness for Truthfulness").

9th Cir. Crim. Jury Instr. 6.9 (2003) ("Mere Presence").

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 1

Ms. Martinez-Bernal is charged in Count 1 of the indictment with unlawful importation of marijuana in violation of Sections 952 and 960 of Title 21 of the United States Code. In order for Ms. Martinez-Bernal to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Martinez-Bernal intentionally brought marijuana into the United States; and,

Second, Ms. Martinez-Bernal knew that it was marijuana that he was bringing into the United States; and,

Third, Ms. Martinez-Bernal knew that the quantity of marijuana was 43.52 kilograms.

Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2003 ed.) (modified); Apprendi v. New Jersey, 530 U.S. 466 (2000).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. _____2____

Ms. Martinez-Bernal is charged in Count 2 of the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Ms. Martinez-Bernal to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Martinez-Bernal knowingly possessed marijuana in a measurable or detectable amount; and,

Second, Ms. Martinez-Bernal possessed marijuana with the intent to deliver it to another person; and,

Third, Ms. Martinez-Bernal knew that he possessed 43.52 kilograms of marijuana.

Manual of Model Jury Instructions for the Ninth Circuit, § 9.13 (2003 ed.) (modified); Apprendi v. New Jersey,530 U.S. 466 (2000).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. ____3____

An indictment is but a formal method of accusing the defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against her.

Ms. Martinez-Bernal has pled "Not Guilty" to the indictment and, therefore, denies that she is guilty of the charges.

O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 13.04.

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. ____4_____

The term "knowingly," as used in these instructions to describe the alleged state of mind of Ms. Martinez-Bernal that the government must prove, means that she was conscious and aware of her actions, realized what she was doing or what was happening around her, and did not act because of ignorance, mistake, or accident.

O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 17.04.

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. ____5_____

You cannot infer that Ms. Martinez-Bernal had knowledge of the marijuana inside the vehicle solely from the fact that Ms. Martinez-Bernal drove the vehicle. An individual may unknowingly transport something in a vehicle.

United States v. Chu, 988 F.2d 981 (9th Cir. 1993); United States v. Rubio-Villareal, 967 F.2d 294 (9th Cir. 1992) (en banc).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. ___6____

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. Possession of drugs cannot be found solely on the ground that drugs were found in Ms. Martinez-Bernal's vehicle.

United States v. Raper, 676 F.2d 841 (D.C. Cir. 1981); United States v. Davis, 562 F.2d 1026 (3d Cir. 1972); United States v. Zandi, 769 F.2d 229 (4th Cir. 1985); United States v. Cardenas, 748 F.2d 1015 (5th Cir. 1984); United States v. Freeze, 707 F.2d 132 (5th Cir. 1983); United States v. Vergera, 687 F.2d 57 (5th Cir. 1982); United States v. White, 660 F.2d 1178 (7th Cir. 1981); United States v. Batimana, 623 F.2d 1366 (9th Cir. 1980); Amaya v. United States, 373 F.2d 197 (10th Cir. 1967); 1 L. Sand, et al., Modern Federal Jury Instructions -Instruction #56-5; Manual of Model Jury Instructions for the Ninth Circuit, § 3.18 (2003 ed) (modified).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. ____7____

Possession of a large quantity of a controlled substance without additional evidence of guilt beyond a reasonable doubt is insufficient to support a finding of knowing possession. An individual may unknowingly possess a substantial quantity of narcotics, just as she may unknowingly transport a small quantity of contraband in a vehicle.

United States v. Chu, 988 F.2d 981 (9th Cir. 1993); United States v. Rubio-Villareal, 967 F.2d 294 (9th Cir. 1992) (en banc).

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

I instruct you that you must presume Ms. Martinez-Bernal to be innocent of the crime charged. Thus the defendant, although accused of the crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against her. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 12.10.

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 9

You have heard testimony that Ms. Martinez-Bernal made a statement. It is for you to decide (1) whether Ms. Martinez-Bernal made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which Ms. Martinez-Bernal may have made it. You should reject the statement if, upon the whole evidence, you are satisfied it was not the voluntary act of the defendant.

Manual of Model Jury Instructions for the Ninth Circuit, § 4.1 (2003 ed.) (modified); Jackson v. Denno, 378 U.S. 368 (1964); United States v. Hoac, 990 F.2d 1099, 1108 n.4 (9th Cir. 1993).

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 10

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. In considering its relevance to the specific issues the opinion was admitted for, you may accept or reject the opinion testimony regarding drug values, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, potential bias, and all the other evidence in the case.

Manual of Model Jury Instructions for the Ninth Circuit, § 4.17 (2003 ed.) (modified).

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED _______

COURT'S INSTRUCTION NO. _____________

DEFENDANT'S PROPOSED INSTRUCTION NO. ___11____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness's memory;
3. The witness's manner while testifying;
4. The witness's interest in the outcome of the case or any bias or prejudice;
5. Whether other evidence contradicted the witness's testimony;
6. The reasonableness of the witness's testimony in light of all the evidence;
7. Whether the witness previously made different or inconsistent statements compared to those made here in court; and
8. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit, § 3.9 (2003 ed.) (modified).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 12

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

1 L. Sand, et al., Modern Federal Jury Instructions (2001), § 7-16.

GIVEN ______

GIVEN AS MODIFIED _______

REFUSED _______

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 13

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendants are guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the argument of fellow jurors; to present you individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

1 L. Sand, et al., Modern Federal Jury Instructions (1999), § 9-7.

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 14

A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence [as to any particular count] permits two reasonable interpretations, one of which points to the defendant's guilt and the other to her innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to her guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

California Jury Instructions Criminal 6th ed.§ 2.01 (7th ed. West 2003). "CALJIC 2.01 should only be given when circumstantial evidence is 'substantially relied upon for proof of guilt.' The instruction should not be given when the problem of inferring guilt from a pattern of incriminating circumstances is not present. (People v. Williams, 162 Cal.App.3d 869, 874, 876, 208 Cal.Rptr. 790, 793, 794 (5th Dist.1984). Accord, People v. Wright, 52 Cal.3d 367, 406, 276 Cal.Rptr. 731, 802 P.2d 221 (1990).)" CALJIC 2.01 Comment.

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ______