COURT'S INSTRUCTION NO. 1

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU MUST APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE. AND YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING I MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN--THAT IS A MATTER ENTIRELY UP TO YOU. A COPY OF THESE INSTRUCTIONS WILL BE GIVEN TO YOU TO TAKE INTO THE JURY ROOM TO CONSULT IF NECESSARY. HOWEVER, YOU MUST NOT TAKE ANY PHRASE, SENTENCE, PARAGRAPH OR INSTRUCTION OUT OF CONTEXT AND YOU MUST NOT SINGLE OUT SOME. IF YOU CONSULT THE INSTRUCTIONS, YOU MUST CONSIDER THEM AS A WHOLE.

FILED
JAN 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 07CR2978-BTM
DATE JAN 17 2008

COURT'S INSTRUCTION NO. 2

THE DEFENDANT IS ACCUSED IN AN INDICTMENT WITH TWO COUNTS OF CRIMINAL CONDUCT. COUNT ONE CHARGES THE DEFENDANT WITH KNOWINGLY AND INTENTIONALLY IMPORTING APPROXIMATELY 43.52 KILOGRAMS OR 95.74 POUNDS OF MARIJUANA, A SCHEDULE I CONTROLLED SUBSTANCE, ON OR ABOUT OCTOBER 19, 2007, INTO THE UNITED STATES IN THE SOUTHERN DISTRICT OF CALIFORNIA. COUNT TWO CHARGES THE DEFENDANT WITH KNOWINGLY AND INTENTIONALLY POSSESSING WITH INTENT TO DISTRIBUTE THE SAME QUANTITY OF MARIJUANA ON OCTOBER 19, 2007, IN THE SOUTHERN DISTRICT OF CALIFORNIA.

THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANT IS PRESUMED TO BE INNOCENT AND DOES NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE HER INNOCENCE. THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGE BEYOND A REASONABLE DOUBT. IF IT FAILS TO DO SO, YOU MUST RETURN A NOT GUILTY VERDICT.

THE DEFENDANT HAS PLEADED "NOT GUILTY" TO THE CHARGES CONTAINED IN THE INDICTMENT. THIS PLEA PUTS IN ISSUE EACH OF THE ELEMENTS OF THE OFFENSE AS DESCRIBED IN THESE INSTRUCTIONS, AND IMPOSES ON THE GOVERNMENT THE BURDEN OF ESTABLISHING EACH OF THESE ELEMENTS BY PROOF BEYOND REASONABLE DOUBT.

COURT'S INSTRUCTION NO. 3

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I INSTRUCT YOU THAT YOU MUST PRESUME A DEFENDANT TO BE INNOCENT OF THE CRIME CHARGED. THUS A DEFENDANT, ALTHOUGH ACCUSED OF A CRIME IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE"--WITH NO EVIDENCE AGAINST HER. THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND. THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST A DEFENDANT. THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO FIND THE DEFENDANT NOT GUILTY AND CAN BE OVERCOME ONLY IF DURING YOUR DELIBERATIONS YOU CONCLUDE FROM THE EVIDENCE THAT THE GOVERNMENT HAS PROVED, BEYOND A REASONABLE DOUBT, EACH ELEMENT OF THE CRIME CHARGED.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY. IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON

SENSE AND IS NOT BASED PURELY ON SPECULATION. IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, EACH AND EVERY ELEMENT OF AN OFFENSE CHARGED IN THE INDICTMENT, YOU MUST FIND THE DEFENDANT NOT GUILTY OF THAT OFFENSE.

IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT NOT GUILTY. ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT GUILTY.

COURT'S INSTRUCTION NO. 4

WHAT IS EVIDENCE

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE CONSISTS OF (1) THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESS; (2) THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE; AND (3) ANY FACTS TO WHICH ALL THE LAWYERS HAVE AGREED OR STIPULATED OR I HAVE INSTRUCTED YOU TO ACCEPT. THE ONLY FACTS I INSTRUCT YOU TO ACCEPT ARE THAT MARIJUANA IS A SCHEDULE I CONTROLLED SUBSTANCE AND THAT CALEXICO, CALIFORNIA IS LOCATED WITHIN THE SOUTHERN DISTRICT OF CALIFORNIA.

THE WEIGHT OF THIS EVIDENCE IS TO BE DETERMINED BY CONSIDERING ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE AND BY DETERMINING WHICH OF THE WITNESSES ARE WORTHY OF GREATER CREDENCE. THE WEIGHT OF THE EVIDENCE DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

COURT'S INSTRUCTION NO. 5.1

DIRECT AND CIRCUMSTANTIAL EVIDENCE

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, IT IS PROOF OF ONE OR MORE FACTS FROM WHICH ONE CAN FIND ANOTHER FACT. YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

COURT INSTRUCTION NO. 5.2

YOU HAVE HEARD EVIDENCE OF ALMA LIDIA MARTINEZ-BERNAL'S CHARACTER FOR LAW ABIDINGNESS AND TRUTHFULNESS. IN DECIDING THIS CASE, YOU SHOULD CONSIDER THAT EVIDENCE TOGETHER WITH, AND IN THE SAME MANNER, AS ALL THE OTHER EVIDENCE IN THE CASE IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

COURT'S INSTRUCTION NO. 6

JURY TO BE GUIDED BY OFFICIAL ENGLISH INTERPRETATION

SOME OF THE WITNESSES HAVE TESTIFIED IN SPANISH.

THE EVIDENCE YOU ARE TO CONSIDER IS ONLY THAT PROVIDED THROUGH THE OFFICIAL COURT INTERPRETER. ALTHOUGH SOME OF YOU MAY KNOW SPANISH, IT IS IMPORTANT THAT ALL JURORS CONSIDER THE *SAME* EVIDENCE. THEREFORE, YOU MUST BASE YOUR DECISION ON THE EVIDENCE PRESENTED IN THE ENGLISH TRANSLATION. YOU MUST DISREGARD ANY DIFFERENT MEANING YOU MAY ATTRIBUTE TO THE SPANISH WORDS.

COURT'S INSTRUCTION NO. 7

WHAT IS NOT EVIDENCE

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE EVIDENCE AS I HAVE DEFINED THAT TERM FOR YOU. CERTAIN THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM AS EVIDENCE IN DECIDING WHAT THE FACTS ARE. I WILL LIST THEM FOR YOU:

1. ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE STATED THEM, YOUR MEMORY OF THEM CONTROLS.

2. QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT. IF A LAWYER HAS ASKED A QUESTION IN SUCH A WAY THAT IT STATES CERTAIN FACTS, THOSE FACTS ARE NOT EVIDENCE UNLESS A WITNESS OR WITNESSES HAVE TESTIFIED TO THE EXISTENCE OF THOSE FACTS OR THEY ARE ESTABLISHED BY SOME OTHER EVIDENCE.

3. TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED. IN ADDITION, SOME TESTIMONY AND EXHIBITS MAY HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; WHERE I HAVE GIVEN A LIMITING

INSTRUCTION, YOU MUST FOLLOW IT.

4. ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

COURT'S INSTRUCTION NO. 8

CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU IN ORDER TO HELP EXPLAIN THE FACTS DISCLOSED BY THE TESTIMONY IN EVIDENCE IN THE CASE. THEY ARE NOT THEMSELVES EVIDENCE OR PROOF OF ANY FACTS. IF THEY DO NOT CORRECTLY REFLECT THE FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THESE CHARTS AND SUMMARIES AND DETERMINE THE FACTS FROM THE UNDERLYING EVIDENCE.

COURT'S INSTRUCTION NO. 9

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY OF THE CHARGES IN THE INDICTMENT. YOUR DETERMINATION MUST BE MADE ONLY FROM THE EVIDENCE IN THE CASE. THE DEFENDANT IS NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT CHARGED IN THE INDICTMENT. YOU SHOULD CONSIDER EVIDENCE ABOUT THE ACTS, STATEMENTS, AND INTENTIONS OF OTHERS, OR EVIDENCE ABOUT OTHER ACTS OF THE DEFENDANT, ONLY AS THEY RELATE TO THE CHARGES AGAINST THIS DEFENDANT.

COURT'S INSTRUCTION NO. 10

CREDIBILITY OF WITNESSES

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1. THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2. THE WITNESS' MEMORY;

3. THE WITNESS' MANNER WHILE TESTIFYING;

4. THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE OR ANY BIAS OR PREJUDICE;

5. WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS' TESTIMONY;

6. THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE;

7. WHETHER THE WITNESS PREVIOUSLY MADE DIFFERENT OR INCONSISTENT STATEMENTS COMPARED TO THOSE MADE HERE IN COURT; AND

8. ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

YOU SHOULD CONSIDER THE TESTIMONY OF THE DEFENDANT JUST AS YOU WOULD THE TESTIMONY OF ANY OTHER WITNESS.

COURT INSTRUCTION NO. 11

OPINION EVIDENCE

YOU HAVE HEARD TESTIMONY FROM PERSONS DESCRIBED AS HAVING SPECIALIZED KNOWLEDGE. PERSONS WHO, BY EDUCATION AND EXPERIENCES, HAVE SPECIALIZED KNOWLEDGE IN SOME FIELD MAY STATE THEIR OPINION ON MATTERS IN THAT FIELD AND MAY ALSO STATE THEIR REASONS FOR THE OPINION.

SUCH OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESSES' EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION AND ALL THE OTHER EVIDENCE IN THE CASE.

COURT'S INSTRUCTION NO. 12

SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A SEPARATE CRIME IS CHARGED AGAINST THE DEFENDANT IN EACH COUNT. THE CHARGES HAVE BEEN JOINED FOR TRIAL. YOU MUST DECIDE THE CASE OF THE DEFENDANT ON EACH CRIME CHARGED AGAINST THE DEFENDANT SEPARATELY. YOUR VERDICT ON ANY COUNT SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT.

COURT'S INSTRUCTION NO. 13

COUNT 1

THE DEFENDANT IS ACCUSED IN COUNT ONE OF THE INDICTMENT AS FOLLOWS:

> ON OR ABOUT OCTOBER 19, 2007, WITHIN THE SOUTHERN DISTRICT OF CALIFORNIA, DEFENDANT ALMA LIDIA MARTINEZ-BERNAL DID KNOWINGLY AND INTENTIONALLY IMPORT APPROXIMATELY 43.52 KILOGRAMS (APPROXIMATELY 95.74 POUNDS) OF MARIJUANA, A SCHEDULE I CONTROLLED SUBSTANCE, INTO THE UNITED STATES FROM A PLACE OUTSIDE THEREOF; IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 952 AND 960.

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1) THAT THE DEFENDANT KNOWINGLY AND INTENTIONALLY BROUGHT MARIJUANA INTO THE UNITED STATES ON OR ABOUT OCTOBER 19, 2007, IN THE SOUTHERN DISTRICT OF CALIFORNIA; AND

(2) THAT THE DEFENDANT KNEW THAT IT WAS MARIJUANA OR SOME OTHER PROHIBITED DRUG.

COURT'S INSTRUCTION NO. 14

COUNT 2

THE DEFENDANT IS ACCUSED IN COUNT TWO OF THE INDICTMENT AS FOLLOWS:

> ON OR ABOUT OCTOBER 19, 2007, WITHIN THE SOUTHERN DISTRICT OF CALIFORNIA, DEFENDANT ALMA LIDIA MARTINEZ-BERNAL DID KNOWINGLY AND INTENTIONALLY POSSESS, WITH INTENT TO DISTRIBUTE, APPROXIMATELY 43.52 KILOGRAMS (APPROXIMATELY 95.74 POUNDS) OF MARIJUANA, A SCHEDULE I CONTROLLED SUBSTANCE; IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(a)(1).

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1) THE DEFENDANT KNOWINGLY AND INTENTIONALLY POSSESSED MARIJUANA, ON OR ABOUT OCTOBER 19, 2007, IN THE SOUTHERN DISTRICT OF CALIFORNIA, AND;

(2) THE DEFENDANT POSSESSED IT WITH THE INTENT TO DISTRIBUTE IT TO ANOTHER PERSON.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE DEFENDANT KNEW THAT THE SUBSTANCE WAS MARIJUANA. IT IS SUFFICIENT IF THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THAT IT WAS SOME KIND OF A PROHIBITED DRUG.

TO "POSSESS WITH INTENT TO DISTRIBUTE" MEANS TO POSSESS WITH INTENT TO DELIVER OR TRANSFER POSSESSION OF A CONTROLLED SUBSTANCE TO ANOTHER PERSON, WITH OR WITHOUT ANY FINANCIAL INTEREST IN THE TRANSACTION.

COURT'S INSTRUCTION NO. 15

POSSESSION -- DEFINED

A PERSON HAS POSSESSION OF SOMETHING IF THE PERSON KNOWS OF ITS PRESENCE AND HAS PHYSICAL CONTROL OF IT, OR KNOWS OF ITS PRESENCE AND HAS THE POWER AND INTENTION TO CONTROL IT.

COURT'S INSTRUCTION NO. 16

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE AMOUNT OR QUANTITY OF MARIJUANA WAS AS CHARGED IN THE INDICTMENT. IT NEED ONLY PROVE BEYOND REASONABLE DOUBT THAT THERE WAS A MEASURABLE OR DETECTABLE AMOUNT OF MARIJUANA.

COURT'S INSTRUCTION NO. 17

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, ACCIDENT OR OTHER INNOCENT REASON. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HER ACTS WERE UNLAWFUL. YOU MAY CONSIDER THE EVIDENCE OF A DEFENDANT'S ACTS, WORDS OR OMISSIONS ALONG WITH ALL THE OTHER EVIDENCE IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

INTENT MAY BE PROVED LIKE ANY OTHER ISSUE. IN DETERMINING THIS ISSUE, YOU MAY CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE WHICH MAY AID IN A DETERMINATION OF DEFENDANT'S INTENT.

COURT'S INSTRUCTION NO. 18

MS. ALMA LIDIA MARTINEZ-BERNAL ASSERTS THAT SHE DID NOT KNOW THAT THERE WAS MARIJUANA OR ANY PROHIBITED DRUG CONCEALED IN THE VEHICLE ON OCTOBER 19, 2007. IF THE PROSECUTION FAILS TO PROVE BEYOND A REASONABLE DOUBT THAT MS. ALMA LIDIA MARTINEZ-BERNAL KNEW THAT THE MARIJUANA OR SOME OTHER PROHIBITED DRUG WAS CONCEALED IN THE VEHICLE ON OCTOBER 19, 2007, YOU MUST RETURN A NOT GUILTY VERDICT ON BOTH COUNTS. IF THE PROSECUTION FAILS TO PROVE ANY ELEMENT OF A CHARGE AS DEFINED IN THESE INSTRUCTIONS BEYOND A REASONABLE DOUBT, YOU MUST RETURN A NOT GUILTY VERDICT ON THAT COUNT.

COURT'S INSTRUCTION NO. 19

YOU ARE TO PERFORM YOUR DUTIES WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION. ALL PARTIES EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

COURT'S INSTRUCTION NO. 20

THE PUNISHMENT PROVIDED BY LAW FOR THESE CRIMES IS FOR THE COURT TO DECIDE. YOU MAY NOT CONSIDER OR SPECULATE AS TO THE PUNISHMENT PROVIDED BY THE LAW FOR THESE CRIMES IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

COURT'S INSTRUCTION NO. 21

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE--THAT IS ENTIRELY FOR YOU TO DECIDE.

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID. NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

COURT'S INSTRUCTION NO. 22

WHEN YOU RETIRE TO THE JURY ROOM, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THE DUTIES OF THE FOREPERSON ARE TO PRESIDE OVER THE DELIBERATIONS, SPEAK FOR YOU HERE IN COURT AND READ ANY VERDICT OUT LOUD.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

COURT'S INSTRUCTION NO. 23

IF YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT AND ADVISE THE BAILIFF OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN TO THE COURTROOM.

COURT'S INSTRUCTION NO. 24

COMMUNICATION WITH COURT

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING; AND I WILL COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANYTHING CONCERNING THE CASE ONLY IN WRITING, OR ORALLY HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE PARTIES BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE--INCLUDING ME--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF A DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.